**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2281-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KEITH SCOTT,

    Defendant-Appellant.

_____

Submitted November 17, 2021 – Decided December 29, 2021

Before Judges Whipple and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 14-12-2033.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant, Keith Scott, appeals from the November 4, 2019 denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm the denial of PCR for the reasons stated by Judge John Young in his thorough written decision accompanying the order, but remand to correct the judgment of conviction.

On December 3, 2014, defendant was indicted for second-degree possession of a weapon for an unlawful purpose, second-degree unlawful possession of a weapon, and second-degree certain persons not to have a weapon. Prior to trial, the State dropped all counts in the indictment except second-degree certain persons not to have a weapon. The case was tried before a jury, and on June 9, 2016, the jury found defendant guilty of second-degree certain persons not to have a weapon. Defendant was sentenced to twelve years in New Jersey State Prison with a five-year parole disqualifier.

We rejected defendant's arguments on direct appeal.[1] On January 4, 2019, defendant filed his first timely pro se petition for PCR, which the court denied. Defendant raises the following issues on appeal:

> POINT ONE: THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED REGARDING TRIAL COUNSEL'S FAILURE TO

---

[1] State v. Scott, No. A-1027-16 (App. Div. Jan. 17, 2018) (slip op. at 1).

PROPERLY CROSS-EXAMINE POLICE WITNESSES AND ESTABLISH A CHAIN OF CUSTODY FOR THE HANDGUN.

POINT TWO: THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED REGARDING TRIAL COUNSEL'S FAILURE TO REQUEST A JUDGMENT OF ACQUITTAL AT THE CLOSE OF THE STATE'S CASE.

POINT THREE: THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED REGARDING TRIAL COUNSEL'S DECISION TO WITHDRAW HIS MOTION FOR A NEW TRIAL.

POINT FOUR: THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY REARING BECAUSE TESTIMONY IS NEEDED REGARDING APPELLATE COUNSEL'S FAILURE TO RAISE SENTENCING ISSUES ON APPEAL.

Because the facts and procedural history were discussed at length in our prior opinion, State v. Scott, No. A-1027-16 (App. Div. Jan. 17, 2018) (slip op. at 1-3), we only repeat what is essential for purposes of this appeal.

To establish a prima facie claim of ineffective assistance of counsel, a defendant must satisfy the two-prong test established in Strickland v. Washington, 466 U.S. 668 (1984). A defendant must show that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" of the United States

3

Constitution, id. at 687, and (2) the defect in performance prejudiced rights to a fair trial such "that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694; see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland standard).

We give deference to the PCR court's factual findings on a PCR petition "when supported by adequate, substantial and credible evidence." State v. Harris, 181 N.J. 391, 415 (2004) (quoting Toll Bros., Inc. v. Twp. of West Windsor, 173 N.J. 502, 549 (2002)). We give no deference to and are not bound by the PCR court's legal conclusions, which we review do novo. Ibid. (citing Toll Bros., 173 N.J. at 549). "[F]or mixed questions of law and fact, we give deference, under Rova Farms,[2] to the supported factual findings of the trial court, but review de novo the [trial] court's application of any legal rules to such factual findings." Id. at 416 (citing State v. Marshall, 148 N.J. 89, 185 (1997)).

Addressing defendant's first argument, Judge Young rejected the assertion that trial counsel's failure to cross-examine the State's witnesses on the chain of custody of the gun denied him the right to effective assistance of

_____

[2] Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974).

counsel. The court concluded questioning on the chain of custody after the retrieval of the gun from the defendant's person would not have uncovered any new information about how the weapon first ended up on defendant, and therefore would not have contributed to the theory of the gun being planted. The theory that police officers planted the gun, one that the trial counsel asserted throughout the trial, would not have been furthered by questioning on the chain of custody and that additional speculation about the source of the gun would not provide grounds for a successful ineffective assistance claim.

Judge Young also rejected defendant's second argument that his counsel was ineffective when he failed to make a motion for judgment of acquittal under State v. Reyes, 50 N.J. 454 (1967). The court found this omission provided no basis to assert that trial counsel's performance fell below reasonable, acceptable standards. Trial counsel is not required to argue that the State failed to make a prima facie showing. With all of the favorable inferences which could reasonably be drawn from the State's evidence, a reasonable jury could have found petitioner guilty beyond a reasonable doubt and that a motion for judgment of acquittal would have been fruitless.

Similarly, the court rejected defendant's ineffective assistance claim due to trial counsel's withdrawal of a motion for a new trial. The court determined

A-2281-19

that the evidence in the trial record was sufficient to support the verdict of guilt beyond a reasonable doubt, and certainly was not so lacking as to suggest, clearly and convincingly, that there was a manifest denial of justice under the law, and that defendant did not show the withdrawal of the new trial motion prejudiced him or fell below acceptable standards of professional conduct by trial counsel.

Finally, the court also rejected defendant's claim of ineffective assistance for appellate counsel's failure to argue excessive sentencing. Defendant argued that mitigating factors eight and nine, N.J.S.A. 2C:44-1(b)(8), (9), ought to have been found by the trial court and should have been raised on appeal.

Judge Young found the aggravating and mitigating factors were well supported by competent evidence; defendant, however, asserts mitigating factor nine is supposed to be listed on the judgment of conviction (JOC) in lieu of aggravating factor ten, but also asserts aggravating factor nine should be in place of aggravating factor ten. Since there is some confusion about what the court intended, we remand for the court to provide clarification regarding the aggravating and mitigating factors in the JOC.

6

In all other respects, Judge Young correctly applied the relevant principles and thoroughly addressed each asserted error raised in the PCR petition, searching the record for demonstration of a reasonable probability that if counsel had done these things, then the result of the trial would have been different. He ultimately concluded they would not.

The record fully supports Judge Young's findings and conclusions that defendant did not establish a prima facie case of ineffective assistance of counsel. Accordingly, an evidentiary hearing was not necessary or warranted. We remand for correction of the JOC consistent with this opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2281-19